[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16234

_____

D. C. Docket No. 04-80060-CV-JCP

ALFREDO RAMOS-GOMEZ, on his
own behalf and others similarly
situated,

                                        Plaintiff-Appellee,

versus

EDUCATION DEVELOPMENT CENTER, INC.,
a Florida Corporation
d.b.a. My First Steps Preschool,
NANCY RIVERA-PIEROLA, individually,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 1, 2006)

Before BARKETT and WILSON, Circuit Judges, and CONWAY[*], District Judge.

PER CURIAM:

The Education Development Center, Inc., d.b.a. My First Steps Preschool, and Nancy Rivera-Pierola ("Defendants") appeal from an Order enforcing the settlement agreement resolving the lawsuit brought against them by Alfredo Ramos-Gomez ("Ramos") for overtime compensation under the Fair Labor Standards Act. The settlement agreement required defendants to pay Ramos $13,000 on a specified date. The agreement also provided that the settlement"shall remain confidential" and that "neither shall disparage the other."

After payment was not timely made, Ramos filed a motion to enforce the settlement agreement. Defendants' response acknowledged Ramos' claim, but asserted for the first time that Ramos violated the agreement's confidentiality provision, and thus materially breached the agreement, by telling some of Defendants' employees that "he had, in essence won the case." The "evidence" filed by Defendants to support this contention consisted of two documents: (1) a statement from a Director of Defendants' operation stating that she had been told by an unnamed and unidentified employee that Ramos told other unnamed and unidentified employees that he had "won his case" and "knew how to get money"

[*]Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

2

from Defendants; and (2) a statement from Lizabeth Gallet, whose connection to Defendants is unclear, stating that her uncle believes that Ramos "won the case" against Defendants and that Defendants would have to "cut the hours" of its employees in order to pay the money owed to Ramos.

The district court rejected the defendants' arguments and ordered them to pay the money due under the agreement. Defendants now appeal and first argue that the district court erred by failing to hold an evidentiary hearing prior to ordering payment to Ramos. Second, defendants argue that Ramos breached the confidentiality provisions of the agreement noted above, and therefore any award of money due under the agreement should be reduced because of that breach.

We review a court's decision to enforce a settlement agreement for an abuse of discretion, See Resnick v. Uccello Immobilien GMBH, Inc., 227 F.3d 1347, 1350 (11th Cir. 2000), and we find none in this case. The district court's failure to hold an evidentiary hearing was not clearly erroneous as defendants never requested such a hearing, nor was the court under any obligation to order one *sua sponte*. The district court did not abuse its discretion in granting Ramos' motion to enforce payment because the agreement does not clearly state, and the record does not otherwise overwhelmingly indicate, that the relevant provisions of the agreement are interdependent and because defendants have failed to adequately

3

support their claim that Ramos breached the contract.

**AFFIRMED.**